1    Sean D. Beatty (Bar No. 155328)
     *sbeatty@beattymyers.com*
2    John W. Myers IV (Bar No. 179975)
     *jmyers@beattymyers.com*
3    BEATTY & MYERS, LLP
     444 W. Ocean Boulevard, Suite 900
4    Long Beach, California 90802
     Telephone:   (562) 606-1530
5    Fax:         (562) 268-1141

6    Attorneys for defendant Roush Industries, Inc.

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTIAN LIFE CENTER, INC.,      )    CASE NO.:
     an individual [sic],              )
12                                     )    **NOTICE OF REMOVAL BY**
                          Plaintiff,   )    **DEFENDANT ROUSH**
13                                     )    **INDUSTRIES, INC. PURSUANT TO**
     v.                                )    **28 U.S.C. §§ 1441 ET SEQ. AND 1332**
14                                     )
     FORD MOTOR COMPANY, a             )
15   Delaware Corporation; ROUSH       )
     INDUSTRIES, INC., A               )
16   CORPORATION; ROUSH                )
     PERFORMANCE, INC. AKA             )
17   KOVINGTON PERFORMANCE             )
     HOLDINGS, INC.; A                 )
18   CORPORATION and DOES              )
     3 through 20, inclusive,          )
19                                     )
                          Defendants.  )
20   _____  )

21   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 et seq. and

23   1332, defendant Roush Industries, Inc. ("Roush") by and through its undersigned

24   counsel, gives notice that it is removing this action, entitled *Christian Life Center,*

25   *Inc. v. Ford Motor Company, etc., et al.,* Case No. STK-CV-UBC-2020-0004861,

26   currently pending in the Superior Court of California, County of San Joaquin, to

27   the United States District Court for the Eastern District of California.  The United

28   States District Court for the Eastern District of California has original jurisdiction

RPP2211904\PLEADINGS\FEDERAL\RPET01                     1

over this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction), and this action may be removed to this Court pursuant to 28 pursuant to U.S.C. §§ 1441 and 1446(a), because the action is currently pending in the California Superior Court for the County of San Joaquin.

## PROCEDURAL FACTS

1.      On June 15, 2020, Plaintiff Christian Life Center, Inc. filed a Complaint against defendants Ford Motor Company and Big Valley Ford, Inc. d.b.a. Big Valley Ford Lincoln.  Attached as **Exhibit A** is a true and correct copy of the Complaint.

2.      On August 13, 2020, defendant Ford Motor Company ("Ford") filed its answer to plaintiff's Complaint. Attached as **Exhibit B** is a true and correct copy of Ford's Answer.

3.      On February 10, 2022, Plaintiff Christian Life Center, Inc. filed a Doe Amendment to its Complaint, naming defendants Roush Industries, Inc. and Roush Performance, Inc. as Does 1 and 2, respectively.  Attached as **Exhibit C** is a true and correct copy of the Amendment to Complaint.

4.      On January 28, 2022, Plaintiff Christian Life Center, Inc. dismissed Big Valley Ford, Inc. d.b.a. Big Valley Ford Lincoln, from the case. Attached as **Exhibit D** is a true and correct copy of the Request for Dismissal.

5.      On February 17, 2022, Plaintiff Christian Life Center, Inc. filed a First Amended Complaint ("FAC") against defendants Ford Motor Company, Roush Industries, Inc., and Roush Performance, Inc. a.k.a. Kovington Performance Holdings, Inc.  (Big Valley Ford, Inc. d.b.a. Big Valley Ford Lincoln, having been dismissed from the case, was not listed in the caption of the FAC.)  Attached as **Exhibit E** is a true and correct copy of the First Amended Complaint.

6.      On April 15, 2022, defendant Roush Industries, Inc., through its California agent for service of process, CT Corporation, was served with a copy of plaintiff's FAC. Attached as **Exhibit F** is a true and correct copy of the receipt of

1   service from CT Corporation.

2       7.    Roush Performance, Inc. a.k.a. Kovington Performance Holdings, Inc.

3   had not yet been served with the Complaint or the FAC.

4       8.    The Superior Court of California, County of San Joaquin, is located

5   within the geographical boundaries of the United States District Court for the

6   Eastern District of California. *See* 28 U.S.C. § 84(c)(2); 28 U.S.C. § 1441(a).

7       9.    In accordance with 28 U.S.C. § 1446(d), Defendant will serve plaintiff

8   and Ford with a copy of this Notice of Removal, and the Notice of Filing of Notice

9   of Removal and supporting papers it is filing with the Clerk of the Superior Court

10   of California, County of San Joaquin.

11   **BACKGROUND FACTS**

12       10.    Plaintiff's action is based upon alleged defects in its 2019 Ford F-150,

13   VIN 1FTEW1E56KFA22874 ("Vehicle").  Plaintiff alleges that its vehicle has

14   suffered from transmission problems.  FAC, para. 11.  Plaintiff alleges that Roush

15   was unable to conform the vehicle to the applicable express warranty in violation

16   of the California Song Beverly Consumer Warranty Act ("Song Beverly"), that

17   Roush breached the implied warranty of merchantability under Song Beverly, and

18   that Roush failed to timely conform the vehicle to warranty within 30 days under

19   California Civil Code section 1793.2(b).  FAC, paras. 17, 22-23, 33-36, and 47-48.

20   All causes of action are based on alleged recurring transmission issues, including a

21   hard shift, lag, kicking, engine speed increase with no forward movement,

22   slamming into gear, valve body issues, jerking, loud engagement, and lack of

23   power.  FAC, para. 11.  Plaintiff does not allege any personal injuries in

24   connection with the alleged defects.

25   **TIMELINESS OF REMOVAL**

26       11.    Pursuant to 28 U.S.C. §1446(b), defendant Roush files this Notice of

27   Removal within thirty days of service of the Summons and FAC.  In *Destfino v.*

28   *Reiswig* (9th Cir. 2011) 630 F.3d 952, the Ninth Circuit of the United States Court

1  of Appeals held that "each defendant is entitled to thirty days to exercise his

2  removal rights after being served." *Id.* at 956.  Plaintiff served Roush with the FAC

3  on April 15, 2022.  Roush has filed this Notice of Removal within thirty days after

4  being served.  Defendant, therefore, has timely removed this action.

### STATEMENT OF CONSENT

6      12.    Co-defendant, Ford Motor Company, consents to the removal.  This is

7  confirmed by the communication from its counsel, a true and correct copy of

8  which is attached as **Exhibit G**.  However, this statement in the petition, regarding

9  Ford's consent, is independently sufficient to establish Ford's consent for purposes

10  of a removal petition.  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208,

11  1224-25 (9th Cir. 2009) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195,

12  201-02 (6th Cir. 2004)).

13      13.    Defendant is not required to investigate the identity of the remaining

14  unnamed Doe defendants or obtain their consent for removal.  *See Necombe v.*

15  *Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91; 28 U.S.C. § 1441(a).

### REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER GIVEN THAT THERE IS COMPLETE DIVERSITY AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

19      14.    "The district courts shall have original jurisdiction of all civil actions

20  where the matter in controversy exceeds the sum or value of $75,000, exclusive of

21  interest and costs, and is between – (1) citizens of different states." 28 U.S.C.

22  §1332(a)(1).

23      15.    "…[A] corporation shall be deemed to be a citizen of every State and

24  foreign state by which it has been incorporated and of the State or foreign state

25  where it has its principal place of business.   28 U.S.C. §1332(c)(1).

26  The amount in controversy requirement is easily met.  Plaintiff alleges that it is

27  entitled to reimbursement of the amount paid for the vehicle, plus a civil penalty of

28  twice the actual damages.  FAC, paras. 27 and 30.  According to its Case

Management Statement filed on or about April 1, 2022, the actual damages sought by plaintiff include the amount paid or payable for the vehicle of $91,299.52, plus another $10,000 in incidental/consequential damages, less a use offset of $4,585.57.  With a full civil penalty, the total damages sought were reported as $290,141.85.  See plaintiff's Case Management Statement, specifically Attachment 4b, a true and correct copy of which is attached as **Exhibit H**.

16.    By filing this Notice of Removal, Roush does not waive, either expressly or impliedly, any defense, affirmative defense, or motion that may be available or concede that plaintiff is entitled to any of the damages it claims.

17.    **WHEREFORE**, defendant Roush removes this action from the Superior Court, in and for the County of San Joaquin, California, to the United States District Court for the Eastern District of California.

18.    **ROUSH FURTHER REQUESTS A JURY TRIAL**.


Dated:  May 13, 2022

BEATTY & MYERS, LLP



SEAN D. BEATTY
JOHN W. MYERS IV
Attorneys for defendant Roush Industries,
Inc.

# EXHIBIT "A"

JOURNEY LAW GROUP, INC.
Guy Mizrahi, Esq. (SBN 220930)
Arya Malek, Esq. (SBN 325782)
1762 Westwood Blvd., Suite 260
Los Angeles, CA 90024
Telephone: 424.206.4303
Facsimile: 424.220.7388

Attorneys for Plaintiff, CHRISTIAN LIFE CENTER, INC.

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2020-06-15 10:58:04**
**Clerk: Stephanie Ceja**

**Case Management Conference**
**12/10/2020 08:45 AM in 10B**

**STK-CV-UBC-2020-0004861**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN – STOCKTON COUTHOUSE

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., an individual<br><br>                    Plaintiffs,<br><br>     v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN, a California Corporation; and DOES 1 through 20, inclusive,<br><br>                  Defendant. | Case No.<br><br>Hon.<br>Dept.<br><br>**COMPLAINT**<br><br>**1. SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF EXPRESS WARRANTY;**<br><br>**2. SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF IMPLIED WARRANTY;**<br><br>**3. SONG-BEVERLY CONSUMER WARRANTY ACT – CIVIL CODE §1793.2(b)** |

Plaintiff, CHRISTIAN LIFE CENTER, INC., alleges as follows against Defendants FORD MOTOR COMPANY, BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN, and Does 1 through 20 inclusive, on information and belief formed after an inquiry reasonable under the circumstances:

///

**GENERAL ALLEGATIONS**

1. Plaintiff CHRISTIAN LIFE CENTER, INC. is an individual residing in the County of San Joaquin, State of California.

2. Defendant, FORD MOTOR COMPANY ("Manufacturer"), is a Delaware Limited Liability Company doing business in the county of San Joaquin, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Ford motor vehicles and related equipment.

3. Defendant, BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN ("Service Facility"), is and was at all relevant times an automobile dealership business.   BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN is and was an entity registered to do business in the County of San Joaquin, State of California.

4. This action arises out of warranty obligations of FORD MOTOR COMPANY for a vehicle purchased by the Plaintiff and for which FORD MOTOR COMPANY issued a written warranty.

5. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 20, inclusive, under the provisions of section 474 of the Code of Civil Procedure.  Defendants Does 1 through 20, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

6. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

7. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), co-conspirator, or employee of each other Defendant and in acting as such principal or within the course and scope of such employment, agency, or conspiracy, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

8.      On or about March 13, 2019, Plaintiff purchased a new 2019 Ford F-150, vehicle identification number 1FTEW1E56KFA22874 ("Vehicle").  Express warranties accompanied the purchase of the Vehicle to Plaintiff by which FORD MOTOR COMPANY undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

9.      The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to the transmission and related systems, transmission has harsh shift, long lag in transmission, transmission kicks forward, rpms will go up but no forward movement, transmission slams into gear, valve body, lag in between shift, transmission will jerk, loud engagement, no power, and other defects.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Express Warranty

10.     Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

11.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly"), Civil Code §1790 *et seq.*, the Vehicle constitutes "consumer goods" used primarily for family or household purposes and Plaintiff has used the Vehicle primarily for those purposes.

12.     Plaintiff is a "buyer" of consumer goods under Song-Beverly.

13.     Defendant FORD MOTOR COMPANY is a "manufacturer" or "distributor" under Song-Beverly.

14.     Defendant BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN is a FORD MOTOR COMPANY authorized "service facility" under Song-Beverly.

15.     The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Vehicle.

16.     Plaintiff delivered the Vehicle to Manufacturer's authorized repair facilities for repair of the nonconformities.

17.     Defendant wrongfully denied warranty coverage for certain nonconformities.

18.     Defendant was unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable number of attempts.

19.     Defendant was unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable amount of time as set forth in Song-Beverly, including but not limited to Civil Code § 1793.2(b).

20.     Notwithstanding Plaintiff's entitlement, Defendant has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

21.     By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under Song-Beverly.

22.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase.  By serving this Complaint, Plaintiff does so again.

23.     Under Song-Beverly, Plaintiff is entitled to reimbursement of the price paid for the Vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

24.     Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under Song-Beverly.

25.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

26.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

///

///

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Implied Warranty

27.     Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

28.     Defendants had reason to know the purpose of the subject vehicle at the time of sale of the subject vehicle.  The sale of the subject vehicle was accompanied by an implied warranty of fitness.

29.     The sale of the subject vehicle was accompanied by an implied warranty that the subject vehicle was merchantable pursuant to Civil Code section 1792.

30.     The subject vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with the defective parts and systems as set forth herein.

31.     The subject vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with the defective parts and systems as set forth herein.

32.     The subject vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with the defective parts and systems as set forth herein.

33.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase.  By serving this Complaint, Plaintiff does so again.

34.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

35.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

36.     Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

37.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

38.   Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

**THIRD CAUSE OF ACTION**

**Violation of the Song-Beverly Consumer Warranty Act –**

**Civil Code §1793.2(b)**

39.   Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

40.   Pursuant to Civil Code section 1793.2(a), a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorized independent service and repair facilities to carry out the terms of those warranties.

41.   Civil Code section 1793.2(b) states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

42.   The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts and systems including the defective parts and systems alleged herein.

43.   Plaintiff delivered the subject vehicle to Defendant's authorized repair facilities on multiple occasions.  The subject vehicle was delivered for repairs of the defects alleged herein which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

44.   Since delivery of the subject vehicle to Defendant's authorized repair facilities, over thirty days have past and Defendant has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

45.   Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase.  By serving this Complaint, Plaintiff does so again.

46.   Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

47.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

48.     Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

49.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

50.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

51.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.     For general, special and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For diminution in value;

4.     For incidental and consequential damages according to proof at trial;

5.     For a civil penalty in the amount of two times Plaintiff's actual damages;

6.     For pre-judgment interest at the legal rate;

7.     For reasonable attorneys' fees and costs of suit;

8.     For such other and further relief as the Court deems just and proper under the circumstances.

///
///
///
///
///

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.


Date:   June 15, 2020

JOURNEY LAW GROUP, INC.


By:   _____
Guy Mizrahi, Esq.
Arya Malek, Esq.
Attorneys for Plaintiff,
CHRISTIAN LIFE CENTER, INC.

# EXHIBIT "B"

1   Kevin J. Tully, Esq., (SBN 079559)
    LAW OFFICES OF KEVIN J. TULLY
2   411 Borel Avenue, Suite 500
    San Mateo, CA 94402
3   Tel: (650) 377-0708
    Fax: (650) 377-0606
4   Email: kevin@tullylaw.net

5   Attorneys for Defendant
    FORD MOTOR COMPANY

6

FILED
SUPERIOR COURT

2020 AUG 13 PM 3: 39

BRANDON E. RILEY, CLERK

BY
DEPUTY

7                    SUPERIOR COURT OF CALIFORNIA

8                     COUNTY OF SAN JOAQUIN

9   CHRISTIAN LIFE CENTER, INC.              Case No: STK-CV-UBC-2020-0004861

10            Plaintiff,                     **DEFENDANT FORD MOTOR COMPANY'S
                                             ANSWER TO COMPLAINT FOR
11       v.                                  DAMAGES**

12  FORD MOTOR COMPANY; BIG VALLEY
    FORD, INC. dba BIG VALLEY FORD LINCOLN;
13  and DOES 1-20, inclusive,

14            Defendants.

15

16       COMES NOW defendant FORD MOTOR COMPANY answering plaintiff's unverified

17  complaint on file herein, admits, denies, and alleges as follows:

18       This answering defendant denies each and every, all and singular, generally and specifically, the

19  allegations in said complaint and each cause of action therein contained.

20       Further, answering said complaint and each cause of action therein contained, this answering

21  defendant denies that plaintiff has sustained damage in any sum or sums, or otherwise, or at all due to

22  any act or omission on the part of this answering defendant.

23       AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

24  it is alleged that the complaint and each cause of action therein fails to state facts sufficient to constitute

25  a cause of action as against this answering defendant.

26       AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

27  it is alleged that the complaint and each cause of action therein fails to state facts sufficient to constitute

28  a cause of action for punitive damages as against this answering defendant.

                                    1

FILE BY FAX

1   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

2 it is alleged that each purported cause of action appears to be barred by the applicable statute of

3 limitations, namely Sections 337, 337.1, 337.15, 338, 339 and/or 340 of the California Code of Civil

4 Procedure and/or Section 2725 of the California Comm Code, and *Krieger v. Nick Alexander Imports*

5 (1991) 234 Cal. App 3d 205, as well as UCC Sec. 2725.

6   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

7 it is alleged that the complaint and each cause of action therein fails to state a cause of action under Civil

8 Code Section 1790, et seq., otherwise known as the "Song-Beverly Consumer Warranty Act", which

9 pertains, *inter alia*, to warranties accompanying new consumer products and/or new motor vehicles.

10   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

11 it is alleged that plaintiff was guilty of negligence in and about the matters and things complained of in

12 the complaint, and that such negligence on the part of plaintiff contributed directly and proximately to

13 the happening of the accident, and to the damages, if any, sustained by plaintiff.  Further, it is prayed

14 that if plaintiff recovers a verdict in this case, that the same shall be reduced proportionately by the

15 percentage of negligence attributed to the plaintiff as a proximate cause of the incident.

16   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

17 it is alleged that the injuries sustained by plaintiff, if any, were either wholly or in part negligently caused

18 by persons, firms, corporations or entities other than defendant, and that said negligence is either imputed

19 to plaintiff by reason of the relationship of said parties to plaintiff and/or said negligence comparatively

20 reduces the percentage of negligence, if any, by this answering defendant.

21   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

22 it is alleged that plaintiff failed, subsequent to the occurrence described in the complaint, to properly

23 mitigate damages and are thereby precluded from recovering those damages which could have reasonably

24 been avoided by the exercise of due care on the part of plaintiff.

25   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

26 it is alleged that no timely or reasonable notice was given to defendant of the alleged breach of warranty.

27   AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE,

28 it is alleged that plaintiff, and/or persons, firms, corporations or entities other than defendant, misused

and abused said product and/or failed to use said product for the purpose for which it was intended, which misuse and abuse is imputed to plaintiff, thereby barring any recovery by plaintiff herein.

AS AND FOR A SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE, it is alleged that any claim for incidental and/or consequential damages are effectively precluded by the reasonable disclaimer set forth in the express warranty and given by defendant FORD MOTOR COMPANY as to such matters at the time of purchase.

WHEREFORE, defendant FORD MOTOR COMPANY prays that plaintiff takes nothing by the complaint on file herein, that defendant be hence dismissed with costs, and for such other and further relief as the court may deem just and proper.

DATED: August 3, 2020                    LAW OFFICES OF KEVIN J. TULLY


                                         _____
                                         Kevin J. Tully
                                         Attorneys for Defendant
                                         FORD MOTOR COMPANY

1

**FORD ANSWER TO COMPLAINT**

PROOF OF SERVICE

*Christian Life Center v. Ford*
*San Joaquin County Superior Court*
*Case No. STK-CV-UBC-2020-0004861*

I am a citizen of the United States and employed in the County of San Mateo, State of California, where this service occurs. I am over the age of 18 years and not a party to the within action. I am an employee of the Law Offices of Kevin J. Tully; my business address is 411 Borel Avenue, Suite 500, San Mateo, California 94402. I am readily familiar with my employer's normal business practice for collection and processing of correspondence.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as follows:

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

_____ By MAIL on the following party(ies) in said action, in accordance with Code of Civil Procedure Section 1013(a), by placing a true copy thereof in a sealed envelope, first-class postage fully prepaid, in a designated area for outgoing mail, addressed as set forth below. In the ordinary course of business in the firm of Law Offices of Kevin J. Tully, mail placed in that location is deposited that same day in a U.S. mailbox in the City and County of San Mateo.

_____ By PERSONALLY DELIVERING a true and correct copy thereof, in accordance with Code of Civil Procedure Section 1011, to the person(s) and at the address(es) set forth below.

__X__ By ELECTRONIC MAIL on the following party(ies) in said action, in accordance with Code of Civil Procedure Section 1013(a), by serving the enclosed via e-mail transmission to each of the parties listed on the official service list with an email address.

_____ By FACSIMILE TRANSMISSION in accordance with Code of Civil Procedure section 1013(e) to the following party(ies) at the facsimile number(s) indicated. This transmission was reported as complete and without error, and a copy of the transmission report which was issued by the transmitting facsimile machine is attached to the original Proof.

Addressed to:

Guy Mizrahi
Journey Law Group, Inc.
guy@journeylawgroup.com

Attorney for Plaintiff
CHRISTIAN LIFE CENTER, INC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Mateo, California, on August 3, 2020.

*Reanna Sharma*
Reanna Sharma

1

**PROOF OF SERVICE**

# EXHIBIT "C"

FILED
SUPERIOR COURT-SAN JOAQUIN

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| ☐ LODI BRANCH<br>315 W. ELM ST.<br>LODI, CA 95240 | ☐ MANTECA BRANCH<br>315 E. CENTER ST.<br>MANTECA, CA 95336 | ☑ STOCKTON BRANCH<br>180 E WEBER AVE, STE 280<br>STOCKTON, CA 95202 | ☐ TRACY BRANCH<br>475 E. TENTH ST.<br>TRACY, CA 95376 |
|---|---|---|---|

2020 FEB 18  AM 10:40

LEY, CLERK

DEPUTY

Christian Life Center, Inc.

Plaintiff(s) vs.

Ford Motor Company

Defendant(s).

(Abbreviated Title)

CASE NUMBER

STK-CV-UBC-2020-00048[6]

**AMENDMENT TO COMPLAINT**

## FICTITIOUS NAME (No order required)

Upon filing the complaint in this case, plaintiff(s) being ignorant of the true name of a defendant, designated such defendant in the complaint by the fictitious name of   Doe 1 ; Doe 2

and having discovered the defendant's true name to be

**Roush Industries, Inc. ; Roush Performance, Inc.** _____ plaintiff(s)

amend(s) the complaint by inserting such true name instead of such fictitious name wherever it appears in the complaint.

Jessica R. Underwood

Attorney(s) for Plaintiff(s)

## INCORRECT NAME (Requires order thereon)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

and having discovered the true name of defendant to be

amends the complaint by inserting such true name instead of such incorrect name wherever it appears in the complaint.

Attorney(s) for Plaintiff(s)

ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated _____                        _____
                                                        Judge

Form Adopted for Mandatory Use
Superior Court of California, County of San Joaquin
Form – Amendment to Complaint
Effective 06/1999

**AMENDMENT TO COMPLAINT**

SJ-100

FILE BY FAX

# EXHIBIT "D"

CIV-110

*(handwritten: 10B 4/18)*

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 306481 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Jessica R. Underwood | | |

FIRM NAME: Wirtz Law APC
STREET ADDRESS: 4370 La Jolla Village Drive, Suite 800
CITY: San Diego    STATE: CA    ZIP CODE: 92122
TELEPHONE NO.: 8582595009    FAX NO.:
E-MAIL ADDRESS: eservice@wirtzlaw.com
ATTORNEY FOR (Name): Plaintiff Christian Life Center, Inc.

FILED
SUPERIOR COURT-STOCKTON
2022 JAN 28 AM 10: 17
BRANDON E. RILEY, CLERK
BY _____ 
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E Weber Ave.
MAILING ADDRESS: 180 E Weber Ave.
CITY AND ZIP CODE: Stockton, 95202
BRANCH NAME: Stockton Courthouse

Plaintiff/Petitioner: Christian Life Center, Inc.
Defendant/Respondent: Ford Motor Company, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: STK-CV-UBC-2020-0004861 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):   on (date):
   (4) ☐ Cross-complaint filed by (name):   on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* Big Valley Ford, Inc. d/b/a Big Valley Ford Lincoln, a California Corporation

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 1/27/2022

Jessica R. Underwood
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*(signature: Jessica R. Underwood)*
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint — or Response (Family Law) seeking affirmative relief — is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): JAN 28 2022 as to only (name): see above
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☒ Attorney or party without attorney notified on (date): JAN 31 2022
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

BRANDON E. RILEY

Date: JAN 31 2022   Clerk, by _____ , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

FILE BY FAX

CIV-110

| Plaintiff/Petitioner: Christian Life Center, Inc.<br>Defendant/Respondent: Ford Motor Company, et al. | CASE NUMBER:<br>STK-CV-UBC-2020-0004861 |
| --- | --- |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

    a. ☐  not recovering anything of value by this action.

    b. ☐  recovering less than $10,000 in value by this action.

    c. ☐  recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*

3. ☐  All court fees and court costs that were waived in this action have been paid to the court  *(check one):*   Yes      No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____      ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                (SIGNATURE)

# EXHIBIT "E"

**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
Amy R. Rotman (SBN 286128)
Jessica R. Underwood (SBN 306481)
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009
Email: eservice@wirtzlaw.com

**JOURNEY LAW GROUP, INC.**
Guy Mizrahi, Esq. (SBN 220930)
Arya Malek, Esq. (SBN 325782)
1762 Westwood Blvd., Suite 260
Los Angeles, CA 90024
Telephone: 424.206.4303
Facsimile: 424.220.7388

Attorneys for Plaintiff CHRISTIAN LIFE CENTER, INC.

FEB 17 2022

Filed _____
BRANDON E. RILEY, CLERK

By _____
DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN – STOCKTON COURTHOUSE**

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; **ROUSH INDUSTRIES, INC., A CORPORATION; ROUSH PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC.; A CORPORATION** and DOES 3 through 20, inclusive,<br><br>Defendants. | Case No. STK-CV-UBC-2020-0004861<br><br>Hon.<br>Dept.<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF EXPRESS WARRANTY;**<br><br>2. **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF IMPLIED WARRANTY;**<br><br>3. **SONG-BEVERLY CONSUMER WARRANTY ACT – CIVIL CODE §1793.2(b)** |

-1-

**FIRST AMENDED COMPLAINT**

1

2   Plaintiff, CHRISTIAN LIFE CENTER, INC., alleges as follows against Defendants FORD

3   MOTOR COMPANY, BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN,

4   **ROUSH INDUSTRIES, INC., ROUSH PERFORMANCE, INC. AKA KOVINGTON**

5   **PERFORMANCE HOLDINGS, INC.** and Does 3 through 20 inclusive, on information and belief

6   formed after an inquiry reasonable under the circumstances:

7   <u>**GENERAL ALLEGATIONS**</u>

8       1.    Plaintiff CHRISTIAN LIFE CENTER, INC. is an individual residing in the County

9   of San Joaquin, State of California.

10       2.    Defendant, FORD MOTOR COMPANY ("Manufacturer"), is a Delaware Limited

11   Liability Company doing business in the county of San Joaquin, State of California, and, at all times

12   relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Ford motor

13   vehicles and related equipment.

14       3.    Defendant, BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN

15   ("Service Facility"), is and was at all relevant times an automobile dealership business.  BIG

16   VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN is and was an entity registered to do

17   business in the County of San Joaquin, State of California.

18       **4.    Defendant ROUSH INDUSTRIES, INC. is a Michigan Corporation doing**

19   **business in the county of San Joaquin, State of California, and at all times relevant herein,**

20   **was/is engaged in the manufacture of vehicle components, and in the distribution of Ford**

21   **vehicles and related equipment.**

22       **5.    Defendant ROUSH PERFORMANCE, INC. AKA KOVINGTON**

23   **PERFORMANCE HOLDINGS, INC. is a Michigan Corporation doing business in in the**

24   **county of San Joaquin, State of California, and at all times relevant herein, was/is engaged in**

25   **the manufacture of vehicle components, and in the distribution of Ford vehicles and related**

26   **equipment.**

27       6.    This action arises out of warranty obligations of FORD MOTOR COMPANY **and**

28   **ROUSH PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC.**

**FIRST AMENDED COMPLAINT**

1 **and/or ROUSH INDUSTRIES, INC.** for a vehicle purchased by the Plaintiff and for which FORD
2 MOTOR COMPANY **and ROUSH PERFORMANCE, INC. AKA KOVINGTON**
3 **PERFORMANCE HOLDINGS, INC. and/or ROUSH INDUSTRIES, INC.** issued a written
4 warranty.

5       7.    Plaintiff does not know the true names and capacities, whether corporate, partnership,
6 associate, individual or otherwise of **Defendants** issued herein as Does **3** through 20, inclusive, under
7 the provisions of section 474 of the Code of Civil Procedure. Defendants Does **3** through 20,
8 inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein,
9 and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the
10 true names and capacities of the fictitiously named **Defendants** together with appropriate charging
11 allegations when ascertained.

12       8.    All acts of corporate employees as alleged were authorized or ratified by an officer,
13 director or managing agent of the corporate employer.

14       9.    Each Defendant whether actually or fictitiously named herein, was the principal,
15 agent (actual or ostensible), co-conspirator, or employee of each other Defendant and in acting as
16 such principal or within the course and scope of such employment, agency, or conspiracy, took some
17 part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to
18 Plaintiff for the relief prayed for herein.

19       10.    On or about March 13, 2019, Plaintiff purchased a new 2019 Ford F-150, vehicle
20 identification number 1FTEW1E56KFA22874 ("Vehicle"). Express warranties accompanied the
21 purchase of the Vehicle to Plaintiff by which FORD MOTOR COMPANY **and ROUSH**
22 **PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC. and/or**
23 **ROUSH INDUSTRIES, INC.** undertook to preserve or maintain the utility or performance of
24 Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

25       11.    The Vehicle was delivered to Plaintiff with serious defects and nonconformities to
26 warranty and developed other serious defects and nonconformities to warranty including, but not
27 limited to the transmission and related systems, transmission has harsh shift, long lag in transmission,
28 transmission kicks forward, rpms will go up but no forward movement, transmission slams into gear,

**FIRST AMENDED COMPLAINT**

1  valve body, lag in between shift, transmission will jerk, loud engagement, no power, and other

2  defects.

3  ### FIRST CAUSE OF ACTION

4  ### Violation of the Song-Beverly Consumer Warranty Act –

5  ### Breach of Express Warranty

6  12.     Plaintiff incorporates by reference each and every allegation set forth in the

7  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

8  13.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly"),

9  Civil Code §1790 *et seq.*, the Vehicle constitutes "consumer goods" used primarily for family or

10  household purposes and Plaintiff has used the Vehicle primarily for those purposes.

11  14.     Plaintiff is a "buyer" of consumer goods under Song-Beverly.

12  15.     Defendant FORD MOTOR COMPANY is a "manufacturer" or "distributor" under

13  Song-Beverly.

14  **16.     Defendant ROUSH PERFORMANCE, INC. AKA KOVINGTON**

15  **PERFORMANCE HOLDINGS, INC. is a "manufacturer" or distributor" under Song-**

16  **Beverly.**

17  **17.     Defendant ROUSH INDUSTRIES, INC. is a "manufacturer" or distributor"**

18  **under Song-Beverly.**

19  18.     Defendant BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN is a

20  FORD MOTOR COMPANY **and ROUSH PERFORMANCE, INC. AKA KOVINGTON**

21  **PERFORMANCE HOLDINGS, INC. and/or ROUSH INDUSTRIES, INC.** authorized **retail**

22  **and** "service facility" under Song-Beverly.

23  19.     The foregoing defects and nonconformities to warranty manifested themselves within

24  the applicable express warranty period. The nonconformities substantially impair the use, value

25  and/or safety of the Vehicle.

26  20.     Plaintiff delivered the Vehicle to Manufacturer **and/or Distributors'** authorized

27  repair facilities for repair of the nonconformities.

28  21.     **Defendants** wrongfully denied warranty coverage for certain nonconformities.

22.     **Defendants were** unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable number of attempts.

23.     **Defendants were** unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable amount of time as set forth in Song-Beverly, including but not limited to Civil Code § 1793.2(b).

24.     Notwithstanding Plaintiff's entitlement, **Defendants have** failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

25.     By failure of **Defendants** to remedy the defects as alleged above, or to issue a refund or replacement, **Defendants** are in breach of their obligations under Song-Beverly.

26.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

27.     Under Song-Beverly, Plaintiff is entitled to reimbursement of the price paid for the Vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

28.     Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under Song-Beverly.

29.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

30.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Implied Warranty

31.     Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

32.     **Defendants** had reason to know the purpose of the subject vehicle at the time of sale of the subject vehicle. The sale of the subject vehicle was accompanied by an implied warranty of fitness.

33.     The sale of the subject vehicle was accompanied by an implied warranty that the subject vehicle was merchantable pursuant to Civil Code section 1792.

34.     The subject vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with the defective parts and systems as set forth herein.

35.     The subject vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with the defective parts and systems as set forth herein.

36.     The subject vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with the defective parts and systems as set forth herein.

37.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

38.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

39.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

40.     Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

41.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

42.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

///

///

///

///

-6-
**FIRST AMENDED COMPLAINT**

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Civil Code §1793.2(b)

43.     Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44.     Pursuant to Civil Code section 1793.2(a), a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorized independent service and repair facilities to carry out the terms of those warranties.

45.     Civil Code section 1793.2(b) states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

46.     The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts and systems including the defective parts and systems alleged herein.

47.     Plaintiff delivered the subject vehicle to **Defendants'** authorized repair facilities on multiple occasions.  The subject vehicle was delivered for repairs of the defects alleged herein which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

48.     Since delivery of the subject vehicle to **Defendants'** authorized repair facilities, over thirty days have past and **Defendants have** failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

49.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase.  By serving this Complaint, Plaintiff does so again.

50.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

51.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

52.     Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

**FIRST AMENDED COMPLAINT**

53.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

54.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

55.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.      For general, special and actual damages according to proof at trial;

2.      For rescission of the purchase contract and restitution of all monies expended;

3.      For diminution in value;

4.      For incidental and consequential damages according to proof at trial;

5.      For a civil penalty in the amount of two times Plaintiff's actual damages;

6.      For pre-judgment interest at the legal rate;

7.      For reasonable attorneys' fees and costs of suit;

8.      For such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Date:  February 9, 2022                    **WIRTZ LAW APC**

By:    _____
Richard M. Wirtz
Jessica R. Underwood
Attorneys for Plaintiff,
CHRISTIAN LIFE CENTER, INC.

-8-

**FIRST AMENDED COMPLAINT**

# EXHIBIT "F"

CT Corporation

**Service of Process Transmittal**
04/15/2022
CT Log Number 541414994

TO: Jay R Jolliffe
Roush Industries, Inc.
12445 LEVAN RD
LIVONIA, MI 48150-1405

RE: **Process Served in California**

FOR: Roush Industries, Inc.  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CHRISTIAN LIFE CENTER,INC.,an individual // To: Roush Industries, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # STKCVUBC20200004861 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/15/2022 at 01:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780124584908 |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SG



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Fri, Apr 15, 2022
**Server Name:**                    Jimmy Lizama

| Entity Served | ROUSH INDUSTRIES, INC. |
|---|---|
| Case Number | STK-CV-UBC-2020-0004861 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
Amy R. Rotman (SBN 286128)
Jessica R. Underwood (SBN 306481)
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009
Email: eservice@wirtzlaw.com

**JOURNEY LAW GROUP, INC.**
Guy Mizrahi, Esq. (SBN 220930)
Arya Malek, Esq. (SBN 325782)
1762 Westwood Blvd., Suite 260
Los Angeles, CA 90024
Telephone: 424.206.4303
Facsimile: 424.220.7388

Attorneys for Plaintiff CHRISTIAN LIFE CENTER, INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN JOAQUIN – STOCKTON COURTHOUSE

|  |  |
|---|---|
| CHRISTIAN LIFE CENTER, INC., an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; ROUSH INDUSTRIES, INC., A CORPORATION; ROUSH PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC.; A CORPORATION and DOES 3through 20, inclusive,<br><br>    Defendants. | Case No. STK-CV-UBC-2020-0004861<br><br>Hon.<br>Dept.<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF EXPRESS WARRANTY;**<br><br>2.  **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF IMPLIED WARRANTY;**<br><br>3.  **SONG-BEVERLY CONSUMER WARRANTY ACT – CIVIL CODE §1793.2(b)** |

-1-

**FIRST AMENDED COMPLAINT**

Plaintiff, CHRISTIAN LIFE CENTER, INC., alleges as follows against Defendants FORD MOTOR COMPANY, BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN, **ROUSH INDUSTRIES, INC., ROUSH PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC.** and Does 3 through 20 inclusive, on information and belief formed after an inquiry reasonable under the circumstances:

## GENERAL ALLEGATIONS

1. Plaintiff CHRISTIAN LIFE CENTER, INC. is an individual residing in the County of San Joaquin, State of California.

2. Defendant, FORD MOTOR COMPANY ("Manufacturer"), is a Delaware Limited Liability Company doing business in the county of San Joaquin, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Ford motor vehicles and related equipment.

3. Defendant, BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN ("Service Facility"), is and was at all relevant times an automobile dealership business. BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN is and was an entity registered to do business in the County of San Joaquin, State of California.

4. **Defendant ROUSH INDUSTRIES, INC. is a Michigan Corporation doing business in the county of San Joaquin, State of California, and at all times relevant herein, was/is engaged in the manufacture of vehicle components, and in the distribution of Ford vehicles and related equipment.**

5. **Defendant ROUSH PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC. is a Michigan Corporation doing business in in the county of San Joaquin, State of California, and at all times relevant herein, was/is engaged in the manufacture of vehicle components, and in the distribution of Ford vehicles and related equipment.**

6. This action arises out of warranty obligations of FORD MOTOR COMPANY **and ROUSH PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC.**

1  and/or **ROUSH INDUSTRIES, INC.** for a vehicle purchased by the Plaintiff and for which FORD

2  MOTOR COMPANY **and ROUSH PERFORMANCE, INC. AKA KOVINGTON**

3  **PERFORMANCE HOLDINGS, INC. and/or ROUSH INDUSTRIES, INC.** issued a written

4  warranty.

5         7.    Plaintiff does not know the true names and capacities, whether corporate, partnership,

6  associate, individual or otherwise of **Defendants** issued herein as Does 3 through 20, inclusive, under

7  the provisions of section 474 of the Code of Civil Procedure.  Defendants Does **3** through 20,

8  inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein,

9  and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the

10  true names and capacities of the fictitiously named **Defendants** together with appropriate charging

11  allegations when ascertained.

12         8.    All acts of corporate employees as alleged were authorized or ratified by an officer,

13  director or managing agent of the corporate employer.

14         9.    Each Defendant whether actually or fictitiously named herein, was the principal,

15  agent (actual or ostensible), co-conspirator, or employee of each other Defendant and in acting as

16  such principal or within the course and scope of such employment, agency, or conspiracy, took some

17  part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to

18  Plaintiff for the relief prayed for herein.

19        10.    On or about March 13, 2019, Plaintiff purchased a new 2019 Ford F-150, vehicle

20  identification number 1FTEW1E56KFA22874 ("Vehicle").  Express warranties accompanied the

21  purchase of the Vehicle to Plaintiff by which FORD MOTOR COMPANY **and ROUSH**

22  **PERFORMANCE, INC. AKA KOVINGTON PERFORMANCE HOLDINGS, INC. and/or**

23  **ROUSH INDUSTRIES, INC.** undertook to preserve or maintain the utility or performance of

24  Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

25        11.    The Vehicle was delivered to Plaintiff with serious defects and nonconformities to

26  warranty and developed other serious defects and nonconformities to warranty including, but not

27  limited to the transmission and related systems, transmission has harsh shift, long lag in transmission,

28  transmission kicks forward, rpms will go up but no forward movement, transmission slams into gear,

-3-
**FIRST AMENDED COMPLAINT**

1  valve body, lag in between shift, transmission will jerk, loud engagement, no power, and other

2  defects.

### FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Express Warranty

6      12.    Plaintiff incorporates by reference each and every allegation set forth in the

7  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

8      13.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly"),

9  Civil Code §1790 *et seq.*, the Vehicle constitutes "consumer goods" used primarily for family or

10  household purposes and Plaintiff has used the Vehicle primarily for those purposes.

11      14.    Plaintiff is a "buyer" of consumer goods under Song-Beverly.

12      15.    Defendant FORD MOTOR COMPANY is a "manufacturer" or "distributor" under

13  Song-Beverly.

14      16.    **Defendant   ROUSH   PERFORMANCE,   INC.   AKA   KOVINGTON**

15  **PERFORMANCE HOLDINGS, INC. is a "manufacturer" or distributor" under Song-**

16  **Beverly.**

17      17.    **Defendant ROUSH INDUSTRIES, INC. is a "manufacturer" or distributor"**

18  **under Song-Beverly.**

19      18.    Defendant BIG VALLEY FORD, INC. d/b/a BIG VALLEY FORD LINCOLN is a

20  FORD MOTOR COMPANY **and ROUSH PERFORMANCE, INC. AKA KOVINGTON**

21  **PERFORMANCE HOLDINGS, INC. and/or ROUSH INDUSTRIES, INC.** authorized **retail**

22  **and** "service facility" under Song-Beverly.

23      19.    The foregoing defects and nonconformities to warranty manifested themselves within

24  the applicable express warranty period. The nonconformities substantially impair the use, value

25  and/or safety of the Vehicle.

26      20.    Plaintiff delivered the Vehicle to Manufacturer **and/or Distributors'** authorized

27  repair facilities for repair of the nonconformities.

28      21.    **Defendants** wrongfully denied warranty coverage for certain nonconformities.

-4-

**FIRST AMENDED COMPLAINT**

22.     **Defendants were** unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable number of attempts.

23.     **Defendants were** unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable amount of time as set forth in Song-Beverly, including but not limited to Civil Code § 1793.2(b).

24.     Notwithstanding Plaintiff's entitlement, **Defendants have** failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

25.     By failure of **Defendants** to remedy the defects as alleged above, or to issue a refund or replacement, **Defendants** are in breach of their obligations under Song-Beverly.

26.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

27.     Under Song-Beverly, Plaintiff is entitled to reimbursement of the price paid for the Vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

28.     Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under Song-Beverly.

29.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

30.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Implied Warranty

31.     Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

32. **Defendants** had reason to know the purpose of the subject vehicle at the time of sale of the subject vehicle. The sale of the subject vehicle was accompanied by an implied warranty of fitness.

33. The sale of the subject vehicle was accompanied by an implied warranty that the subject vehicle was merchantable pursuant to Civil Code section 1792.

34. The subject vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with the defective parts and systems as set forth herein.

35. The subject vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with the defective parts and systems as set forth herein.

36. The subject vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with the defective parts and systems as set forth herein.

37. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

38. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

39. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

40. Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

41. Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

42. Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

///

///

///

///

**FIRST AMENDED COMPLAINT**

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Civil Code §1793.2(b)

43.    Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44.    Pursuant to Civil Code section 1793.2(a), a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorized independent service and repair facilities to carry out the terms of those warranties.

45.    Civil Code section 1793.2(b) states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

46.    The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts and systems including the defective parts and systems alleged herein.

47.    Plaintiff delivered the subject vehicle to **Defendants'** authorized repair facilities on multiple occasions. The subject vehicle was delivered for repairs of the defects alleged herein which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

48.    Since delivery of the subject vehicle to **Defendants'** authorized repair facilities, over thirty days have past and **Defendants have** failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

49.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

50.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

51.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

52.    Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

53.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

54.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

55.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.     For general, special and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For diminution in value;

4.     For incidental and consequential damages according to proof at trial;

5.     For a civil penalty in the amount of two times Plaintiff's actual damages;

6.     For pre-judgment interest at the legal rate;

7.     For reasonable attorneys' fees and costs of suit;

8.     For such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Date:   February 9, 2022                    **WIRTZ LAW APC**

By:   _____
      Richard M. Wirtz
      Jessica R. Underwood
      Attorneys for Plaintiff,
      CHRISTIAN LIFE CENTER, INC.

-8-

**FIRST AMENDED COMPLAINT**

1   **WIRTZ LAW APC**
2   Richard M. Wirtz (SBN 137812)
    Amy R. Rotman (SBN 286128)
3   Jessica R. Underwood (SBN 306481)
    4370 La Jolla Village Drive, Suite 800
4   San Diego, CA 92122
    Telephone: (858) 259-5009
5   Email: eservice@wirtzlaw.com

6
7   **JOURNEY LAW GROUP, INC.**
    Guy Mizrahi (SBN 220930)
8   1762 Westwood Blvd., Suite 260
    Los Angeles, CA 90024
9   Telephone: (424) 206-4303
    Email: guy@journeylawgroup.com
10
11   Attorneys for Plaintiff CHRISTIAN LIFE CENTER, INC.

12           **SUPERIOR COURT OF CALIFORNIA**

13     **COUNTY OF SAN JOAQUIN – STOCKTON COURTHOUSE**

14

15   **CHRISTIAN LIFE CENTER, INC., an**      Case No.: STK-CV-UBC-2020-0004861
    **individual,**                         Unlimited Jurisdiction
16
17           Plaintiff,                **PROOF OF SERVICE**
      vs.
18
19   **FORD MOTOR COMPANY, a Delaware**
    **Corporation; ROUSH INDUSTRIES, INC., a**
20   **Corporation; ROUSH PERFORMANCE,**
    **INC. aka KOVINGTON PERFORMANCE**
21   **HOLDINGS, INC., a Corporation; and DOES**
    **3 through 20, inclusive,**
22
23           Defendants.

24

25   I, Rebecca Evans, declare:

26       I am a resident of the State of California, over the age of eighteen years, and not a party to

27   the within action. My business address is WIRTZ LAW APC, 4370 La Jolla Village Drive, Suite

28   800, San Diego, CA 92122.

On April 12, 2022, San Diego, California, each of the parties, attorneys, or other interested individuals or entities identified on the Service List below were served as described below with a true copy of the following document(s):

**FIRST AMENDED COMPLAINT**

[ ]     BY MAIL: I deposited in the mail the document(s) listed in a sealed envelope, with postage fully prepaid, addressed as per the Service List.

[X]     BY PERSONAL SERVICE: I used a process server to serve the above referenced documents on the person(s) listed on the attached page.

[ ]     BY ELECTRONIC DELIVERY: I sent via email by electronic attachment a PDF version of the document(s) listed above, as addressed per the Service List.

I certify and declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on April 12, 2022, at San Diego, California.

Rebecca Evans

**SERVICE LIST**

**C T CORPORATION SYSTEM**
330 N BRAND BLVD STE 700
GLENDALE, CA  91203

*Agent of Service of Process for Roush Industries, Inc.*

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 13
SafetySeal(101761)



TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**     **1 OF 1**

**SHIP TO:**
JAY R JOLLIFFE
7347797201
ROUSH INDUSTRIES, INC.
12445 LEVAN RD
**LIVONIA MI 48150**

**MI 482 9-02**

**UPS NEXT DAY AIR**     **1**
TRACKING #: 1Z X21 278 01 2458 4908

BILLING: P/P

Reference No.1: SOP/2401130/541414994/CT SOP Custo

XOL 22.04.15     NV45 16.0A 04/2022*

1882973    38    Origin: Wolters Kluwer UPS 562130

**CT Packing Slip**

 CT Corporation

**UPS Tracking #:** 1ZX2127801245B4908
**Created By:** BATCH BATCH
**Created On:** 04/15/2022 05:43 PM
**Recipient:**

**Jay R Jolliffe**

| | |
|---|---|
| Title: | -- |
| Customer: | Roush Industries, Inc. |
| Address: | 12445 LEVAN RD |
| Email: | jay.jolliffe@roush.com |
| Phone: -7347797201 | Fax: -734-779-7917 |

**Package Type:** Envelope
**Items shipped:** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 541414994 | STKCVUBC2020004861 | Roush Industries, Inc. |

# EXHIBIT "G"

**From:** Kevin Tully <kevin@tullylaw.net>
**Sent:** Wednesday, May 4, 2022 10:28 AM
**To:** John W. Myers IV <jmyers@beattymyers.com>
**Cc:** Cyndi Bowman-Raber <cbowmanraber@beattymyers.com>; Paralegal Tullylaw <paralegal@tullylaw.net>; Kevin Tully <kevin@tullylaw.net>
**Subject:** Kevin response re: Christian Life Center, Inc., v. Ford and Roush -- Ford will consent to removal

John --

Ford will consent to removal.

In the interim, we'll gather the background pleadings and discovery to forward to your office.

Please confirm receipt.

Thanks,

Kevin

Law Offices of Kevin J. Tully
411 Borel Avenue, Suite 500
San Mateo, CA 94402
Kevin@TullyLaw.net
phone (650) 377-0708
fax (650) 377-0606

ATTORNEY-CLIENT COMMUNICATION
This transmission contains material covered by the Attorney/Client privilege. This is intended as a confidential communication for the addressee only. If you are not the intended recipient or an employee responsible for receipt of this transmission, you should be aware that any distribution, copying, or communication of this transmission is prohibited. If you have received this communication in error, please notify us immediately.

# EXHIBIT "H"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Amy R. Rotman (SBN 286128)<br>Wirtz Law APC<br>4370 La Jolla Village Drive, Suite 800<br>San Diego, CA 92122 | *FOR COURT USE ONLY*<br>TH  FILED<br>2022 APR -1  AM 9: 23<br>BRANDON E. RILEY, CLERK<br>BY<br>DEPUTY |
|---|---|

TELEPHONE NO.: 858-259-5009    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* arotman@wirtzlaw.com
ATTORNEY FOR *(Name):* Plaintiff Christian Life Center, Inc.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN |
|---|
| STREET ADDRESS: 180 E Weber Ave |
| MAILING ADDRESS: 180 E Weber Ave |
| CITY AND ZIP CODE: Stockton, 95202 |
| BRANCH NAME: Stockton Courthouse |

PLAINTIFF/PETITIONER:   Christian Life Center, Inc.

DEFENDANT/RESPONDENT:  Ford Motor Company, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER:<br>STK-CV-UBC-2020-0004861 |
|---|---|
| *(Check one):*  [x] UNLIMITED CASE       [ ] LIMITED CASE<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)           or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date: 4/18/2022       Time: 8:45 a.m.     Dept.: 10B       Div.:              Room: |
| Address of court *(if different from the address above):* |
| [x]  Notice of Intent to Appear by Telephone, by *(name):* Jessica R. Underwood |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Christian Life Center, Inc.
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 15, 2020
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [x] complaint       [ ] cross-complaint      *(Describe, including causes of action):*
      This matter involves a 2019 Ford F150 manufactured and warranted by Defendant Ford Motor Company. Plaintiff's causes of
      action are: (1) Violation of Song-Beverly Act - Breach of Express Warranty; (2) Violation of Song-Beverly Act - Breach of
      Implied Warranty; and (3) Violation of Song-Beverly Act - Section 1793.2.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|



FILE BY FAX

CM-110

| PLAINTIFF/PETITIONER:  Christian Life Center, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ford Motor Company, et al. | STK-CV-UBC-2020-0004861 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
See attachment 4b.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   a.  The party or parties request ☒ a jury trial       ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐ The trial has been set for *(date):*
   b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☒ days. *(specify number):* 5-7 days
   b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  E-mail address:
   f.  Fax number:
   g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.
   b.  **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Christian Life Center, Inc. <br> DEFENDANT/RESPONDENT: Ford Motor Company, et al. | CASE NUMBER: <br> STK-CV-UBC-2020-0004861 |

**10. c.** Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled <br> [ ] Mediation session scheduled for *(date):* <br> [ ] Agreed to complete mediation by *(date):* <br> [ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [ ] Settlement conference not yet scheduled <br> [ ] Settlement conference scheduled for *(date):* <br> [ ] Agreed to complete settlement conference by *(date):* <br> [x] Settlement conference completed on *(date):* 1-10-22 |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled <br> [ ] Neutral evaluation scheduled for *(date):* <br> [ ] Agreed to complete neutral evaluation by *(date):* <br> [ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled <br> [ ] Judicial arbitration scheduled for *(date):* <br> [ ] Agreed to complete judicial arbitration by *(date):* <br> [ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled <br> [ ] Private arbitration scheduled for *(date):* <br> [ ] Agreed to complete private arbitration by *(date):* <br> [ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled <br> [ ] ADR session scheduled for *(date):* <br> [ ] Agreed to complete ADR session by *(date):* <br> [ ] ADR completed on *(date):* |

**CM-110**

| PLAINTIFF/PETITIONER:  Christian Life Center, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ford Motor Company, et al. | STK-CV-UBC-2020-0004861 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ consolidate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Motions to Compel Written Discovery or Depositions as needed.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | per Code |
| Plaintiff | Depositions | per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** Page 4 of 5

**CM-110**

| PLAINTIFF/PETITIONER:  Christian Life Center, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ford Motor Company, et al. | STK-CV-UBC-2020-0004861 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 3/30/2022

Amy R. Rotman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 5 of 5

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Christian Life Center, Inc. v. Ford Motor Company, et al. | STK-CV-UBC-2020-0004861 |

### ATTACHMENT *(Number)*: 4b

*(This Attachment may be used with any Judicial Council form.)*

Plaintiff Christian Life Center, Inc. ("Plaintiff") purchased a new 2019 Ford F150 ("vehicle") manufactured and warranted by Defendant Ford Motor Company ("FMC") and presented the vehicle for repair at FMC's authorized repair facilities. Plaintiff recently amended the Complaint to add two Roush defendants ("Roush").

The paid or payable amount for the vehicle is $91,299.52 as shown on the sales contract. Plaintiff estimates an additional $10,000 in incidental and consequential damages. The mileage offset should be calculated using 6,711 miles as the mileage difference between purchase and the first repair opportunity given to FMC's dealerships. Plaintiff calculates the mileage offset as $4,585.57. Accordingly, the estimated measure of Plaintiff's damages under the breach of express claim is approximately $290,141.85 (incidental and consequential damages and three times the repurchase amount, including a full two-time civil penalty).

Defendants expressly and impliedly warranted the vehicle. The vehicle did not perform as stated for the time specified by the express warranty. Plaintiff delivered the vehicle to FMC's authorized repair facilities, multiple times for repairs covered by Defendants' warranties. Defendants failed to repair the vehicle after a reasonable number of repair opportunities.

Plaintiff's claims are as follows:

Breach of express warranty: Defendants violated the Song-Beverly Consumer Warranty Act ("SBA") by not repurchasing or replacing the vehicle promptly after a reasonably number of opportunities to repair the vehicle, which suffered from defects substantially impairing the vehicle's use, value, or safety to a reasonable person in Plaintiff's position.

Breach of implied warranty: Defendants violated SBA because the vehicle was not of the same quality as those generally acceptable in the trade and was not fit for the ordinary purposes for which the goods are used.

Civil Code 1793.2(b): Defendants violated SBA because it failed to repair the vehicle to conform to the express warranty within 30 days.

Plaintiff seeks rescission of the purchase contract, restitution of all monies expended and still owing for the vehicle, incidental and consequential damages, civil penalties in the amount of two-times Plaintiff's actual damages, according to proof at trial. Plaintiff also seeks prejudgment interest per Civil Code section 3287 and reasonable attorney's fees and costs and expenses per Civil Code section 1794.

FMC has answered the Complaint. Roush has not. Plaintiff requested a jury trial and paid jury fees on December 8, 2020.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov