UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, ET AL., <br><br> Defendants. | No. 2:22-cv-00812-JAM-JDP <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Christian Life, Inc.'s ("Plaintiff") motion to remand under 28 U.S.C. § 1447(c). Plaintiff brought this action in San Joaquin Superior Court on June 15, 2020 for injuries suffered from Ford Motor Company and Big Valley Ford, Inc.'s alleged violations of the Song-Beverly Consumer Warranty Act.  Mot. to Remand ("Mot") at 2, ECF No. 13. Defendant Roush removed this case from San Joaquin Superior Court on May 13, 2022 under 28 U.S.C. §§ 1441 and 1332.  See Notice of Removal, ECF No. 1.  On June 13, 2022, Plaintiff filed a motion to remand.  See Mot. Defendants oppose the motion.  See Opp'n, ECF No. 14.  On July 7, 2022, Plaintiff filed a reply to Defendants' opposition.  See Reply, ECF No. 15.

///

///

1

For the reasons set forth below, this Court GRANTS Plaintiff's motion to remand.[1]

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On March 13, 2019, Plaintiff purchased a new 2019 Ford F-150, which carried express warranties from Defendants to preserve or maintain the utility or performance of the car or provide compensation if there was a failure in its utility or performance. Exhibit E to Notice of Removal, FAC ¶ 10, ECF No. 1. Plaintiff alleges that the car was delivered to Plaintiff with serious defects and nonconformities to warranty and later developed other serious defects and nonconformities to warranty. Id. ¶ 11. Plaintiff alleges that Defendants breached the car's express and implied warranties under the Song-Beverly Consumer Warranty Act by (1) failing to manufacture or repair the vehicle to conform with its warranties and (2) refusing to replace the car or make restitution to Plaintiff. Id. ¶¶ 12-55.

Plaintiff originally brought its action in San Joaquin Superior Court on June 15, 2020 against Defendants Ford Motor Company and Big Valley Ford, Inc. Mot. at 2. On January 27, 2022, Plaintiff dismissed Big Valley Ford, Inc from the case. Id. Two weeks later, Plaintiff filed the FAC, adding Defendants Roush and Roush Performance, Inc. as defendants alongside Defendant Ford Motor Company. Id. Plaintiff served Defendant Roush with the FAC on April 15, 2022. Id. Roush removed this case from San Joaquin Superior Court on May 13, 2022, alleging

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 23, 2022.

2

diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332. See Notice of Removal. On May 23, 2022, Plaintiff submitted a request to this Court for an entry of default against Defendant Roush Performance, Inc. See Request for Entry of Default, ECF. No. 6. The Court declined Plaintiff's motion. See Request for Entry of Default Declined, ECF No. 10. On June 13, 2022, Plaintiff filed this motion to remand, arguing remand is proper because (1) Defendant Roush's notice of removal was untimely, (2) Defendant Roush Performance, Inc. did not consent to the removal, and (3) the amount-in-controversy requirement for diversity jurisdiction was not met. Mot. at 3-9. Defendants oppose the motion and claim that Plaintiff waived its right to remand. Opp'n at 4-15.

## II.   OPINION

### A.   Legal Standard

In assessing a motion to remand, the Court must strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected in favor of remand "if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). Remand is proper if a defendant's notice of removal is untimely. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006). Although time limits for removal are not jurisdictional, they are mandatory and will require removal if exceeded. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980).

Generally, a defendant may remove a state court action if

the initial pleading could have been filed in federal court. 28 U.S.C. § 1441(a). The notice of removal must be filed within thirty days after a defendant receives a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). But when a case is not initially removable, a defendant can move for removal within thirty days after receiving an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); Caterpillar v. Lewis, 519 U.S. 61, 69 (1996). However, in these cases, if removal is based on diversity jurisdiction under § 1332, a case may not be removed more than one year after the initiation of the state action, unless the federal court finds that a plaintiff acted in bad faith to prevent a defendant from removing the action before the one-year limit. 28 U.S.C. § 1446(c)(1); See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir. 1998).

    B.    Analysis

        1.    Timeliness of Removal Petition

Plaintiff argues that Defendants' notice of removal was untimely because it was filed nearly two years after the filing of the initial state action; the state action was filed on June 15, 2020 and the notice of removal was filed on May 13, 2022. Mot. at 3. Plaintiff argues that this nearly two-year gap in filing the notice of removal violates the one-year limit imposed by § 1446(c)(1). Id.

Defendants argue that removal was timely because Defendant Roush, as a defendant that was later added to this case in the FAC, was entitled to remove the case within thirty days after its

4

receipt of the FAC under § 1446(b).  Opp'n at 4-5.  Defendants argue that the one-year limit imposed by § 1446(c)(1) does not apply here and that Ninth Circuit case law supports Defendants' claim that each defendant in an action is entitled to a thirty-day window to file a notice of removal, regardless of when they are brought into the action.  Id. at 4 (citing Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011)).  Defendants argue that denying removal because of the one-year limit would incentivize plaintiffs to block removal based on diversity by waiting to add diverse parties until a year after the initial state action had been filed.  Id. at 5.

   The Court finds that Defendants' removal was untimely.  When removal is based on diversity jurisdiction under § 1332, a case may not be removed more than one year after the initiation of the state action, unless the federal court finds that a plaintiff acted in bad faith to prevent a defendant from removing the action before the one-year limit.  28 U.S.C. § 1446(c)(1); See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir. 1998).  While Defendants argue that a remand order in this case would incentivize plaintiffs to delay adding diverse defendants to prevent removal, § 1446(c)(1) addresses this concern through its bad faith provision.  However, Defendants have put forth no evidence to support a finding that Plaintiff acted in bad faith to prevent Defendants from removing the action before the one-year limit.  In the absence of any evidence that would support a finding of bad faith by Plaintiff under § 1446(c)(1), the Court finds that Defendants' removal was untimely.

2.    Plaintiff's Waiver of Remand Motion

Defendants argue that Plaintiff's request for an entry of default against Defendant Roush Performance Inc. constitutes affirmative conduct suggesting that Plaintiff waived its right to remand.  Opp'n at 14-15.  The Court disagrees.

In assessing whether the right to remand has been waived, the federal court has "broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings." SWC Inc. v. Elite Promo Inc., 234 F. Supp. 3d 1018, 1023 (N.D. Cal. 2017) (citing Alarcon v. Shim Inc., No. C 07-02894 SI, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007)).  Waiver can be found when plaintiffs engage in "affirmative conduct that would offend principles of fairness" if remand were granted.  Id. at 1025. While the Ninth Circuit has not directly addressed whether a request for default judgement constitutes this type of affirmative conduct, it has found waiver where plaintiffs have made repeated appearances before the court before raising a timeliness objection.  Meadows v. Bicrodyne Corp., 785 F.2d 670, 672 (9th Cir. 1986).

Here, Defendants filed their notice of removal on May 13, 2022 and Plaintiff filed its motion to remand on June 13, 2022. See Notice of Removal; Mot.  In the time between these motions, Plaintiff's sole interaction with the Court was its request for entry of default against Defendant Roush Performance Inc. on May 23, 2022.  See Request for Entry of Default.  This single request by Plaintiff is not sufficient to establish the repeated appearances required to constitute a waiver of Plaintiff's right

6

to remand on timeliness grounds.  Accordingly, in the absence of evidence necessary to support Defendants' argument, i.e., evidence of repeated appearances by Plaintiff before this Court before filing the instant motion, the Court finds that Plaintiff did not waive its right to remand.

### 3.  Remaining Issues

The Court does not reach the parties' remaining issues, because the first issue of timeliness is dispositive.

## III.  SANCTIONS

This Court issued its Order re Filing Requirements ("Filing Order") on May 13, 2022.  ECF No. 5-2.  The Filing Order limits reply memoranda to five pages.  Filing Order at 1.  The Filing Order also states that an attorney who exceeds the page limit must pay monetary sanctions of $50 per page.  Id.  Plaintiff exceeded the Court's five-page limit on reply memoranda by three pages.  See Reply.  The Court therefore ORDERS Plaintiff's counsel to pay $150.00 to the Clerk for the Eastern District of California no later than five days from the date of this Order.

## IV.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: September 27, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7